UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO DANIEL BARCENAS,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, *et al.*<br><br>Defendants. | Case No. 2:25-cv-09059-HDV-AJR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]** |

## I. INTRODUCTION

This lemon law action arises out of Plaintiff Eduardo Daniel Barcenas' purchase of a new 2020 GMC Sierra 1500 from Coachella Valley Buick GMC. Plaintiff alleges that his vehicle experienced "transmission defects" during the warranty period.

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 16], which asserts that the removal of this case on September 23, 2025 was untimely. Plaintiff maintains that removability was clear from the face of the complaint filed in Los Angeles Superior Court. Plaintiff also attempts to argue, in the alternative, that Defendant has still not established subject-matter jurisdiction.

For the reasons discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"), the Court concludes that the complaint did not provide sufficient grounds for triggering the 30-day removal clock under 28 U.S.C. § 1446(b)(1). The removal was therefore timely. As to the merits of subject-matter jurisdiction, the Court concludes that Defendant has met its burden, by the lower "preponderance of the evidence" standard, to establish that removal was proper. The Motion is denied.

## II. BACKGROUND

Plaintiff purchased a new 2020 GMC Sierra 1500 (the "Vehicle") in September 2020. Complaint [Dkt. 1-1] ¶¶ 6, 9. Plaintiff alleges the vehicle was defective and Defendant General Motors failed to fulfill its warranty obligations. *Id.* ¶¶ 12, 14.

Plaintiff accordingly initiated this lawsuit in Los Angeles Superior Court on May 7, 2025, and served Defendant on May 9. Complaint; Declaration of Michelle Yang in Support of Motion ("Yang Decl.") [Dkt. 16-1] ¶¶ 3, 5. The Complaint alleges claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly"). Complaint ¶¶ 8–33.[1] It identifies Plaintiff as a resident of Riverside, California, but provides no further information about his domicile or citizenship. *Id.* ¶ 2. Defendant filed its Answer on July 22. [Dkt. 1-2].

On April 10, 2025, before this litigation commenced, Plaintiff provided Defendants with a copy of the Vehicle's sales contract and all repair orders. Yang Decl. ¶ 7; *see also* Declaration of

---

[1] Plaintiff's Motion indicates that the Complaint includes a "**federal cause of action under the Magnuson-Moss Warranty Act**." Motion at i. Despite Plaintiff's emphasis, it does not.

Aubrey L. Kramer in Support of Defendant's Opposition ("Kramer Decl.") [Dkt. 17-1], Ex. A ("Sales Contract"); *id.*, Ex. B ("Repair Records"). Plaintiff produced the sales contract again in discovery on September 16. Kramer Decl. ¶ 2. On October 2, Plaintiff produced a loan payment summary for the vehicle. *Id.* ¶ 4, Ex. C ("Loan Payment History").

On September 23, 2025, Defendant removed the case, alleging that this Court has diversity jurisdiction. Notice of Removal at 2–6 [Dkt. 1]. Plaintiff filed the instant Motion on October 24. After full briefing, see Opposition [Dkt. 17]; Reply [Dkt. 18], the Court deemed the matter appropriate for resolution without oral argument and took it under submission. [Dkt. 19].

### III. LEGAL STANDARD

Generally, a civil action filed in state court may properly be removed if there is federal subject matter jurisdiction at the time of removal. *See* 28 U.S.C. §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

A notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136, 1139–40 (9th Cir. 2013). Should the initial pleading not reveal grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" which establishes that removability is "unequivocally clear and certain." 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021). These 30-day time limits, although procedural in nature, are mandatory, and a successful challenge to removal based on a late notice requires remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

As to the *merits* of federal subject matter jurisdiction, the removing party bears the burden of establishing it. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the

jurisdictional requirements have been satisfied. *Id*. at 82. Diversity jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Federal question jurisdiction exists when the action "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

"[W]hether a defendant can establish that federal jurisdiction exists and . . . when the thirty-day time period [for removal] begins are not two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n.3. If a defendant, based on its own knowledge or investigation, knows of and can plausibly allege facts which confer federal jurisdiction, it *may* remove, even if those facts are not so clear from the face of the complaint or an "other paper" such that it *must* remove or risk untimeliness. *See id.* at 1139–42.

## IV. DISCUSSION

Plaintiff makes several, contradictory arguments in support of remand.

The first regards the timeliness of Defendant's removal. *See* Motion at 4–8. Plaintiff's counsel has raised similar arguments in a number of other lemon law cases against General Motors in recent months. This Court first considered and decided many of the relevant issues in *Chavarin v. General Motors LLC*, No. 2:25-cv-06852-HDV-MBK, 2025 WL 3030875 (C.D. Cal. Oct. 29, 2025). Plaintiff's timeliness arguments here fail for the same reasons as in *Chavarin*.

Removability was not apparent from the face of the complaint. Plaintiff's Motion focuses on the federal MMWA claim, *see* Motion at i, 1, but Plaintiff's Complaint **contains no such claim**. *See* Complaint. Federal question jurisdiction thus not only was not clear from the Complaint but was affirmatively not available under the Complaint. Diversity-related removability also could not be ascertained from the Complaint, for two reasons. First, the allegations of Plaintiff's California residency were insufficient to set forth his domicile or citizenship. *Chavarin*, 2025 WL 3030875 at *3. Second, the Complaint contained no facts (*e.g.*, allegations regarding the sales price, market value, relevant offsets, etc.) suggesting that the $75,000 amount in controversy was met. *Id.* That Defendant already possessed copies of the Sales Contract and Repair Records at the time it received Plaintiff's Complaint does not change this analysis. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) ("We [] reject Carvalho's suggestion that a pre-complaint document

4

containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods. In *Harris*, we held that the first thirty-day removal period comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.' . . . We would eviscerate our holding in *Harris* if we required defendants to rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable."). Defendant's removal was thus timely.

Plaintiff next argues that Defendant has not yet met its burden of establishing federal jurisdiction. *See* Motion at 8–10; Reply at 2–10. As an initial matter, the Court notes that, while parties generally are allowed to make arguments in the alternative, this argument is not just an alternative to Plaintiff's argument regarding the timeliness of removal—it is flatly inconsistent with it. Plaintiff effectively argues both that removability was clear from the complaint and that removability is still not clear. *Compare* Motion at 5 ("[I]t is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone.") *with id.* at 8 ("Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiff's actual damages approach or exceed $50,000."). Presenting both positions at once borders on sanctionable. *See* Fed. R. Civ. P. 11(b) (By presenting a written motion to the court, an attorney certifies that (1) "it is not being presented for any improper purpose"; (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument"; (3) "the factual contentions have evidentiary support"; and (4) "the denials of factual contentions are warranted on the evidence[.]").

On the merits, the Court is satisfied that there is diversity jurisdiction here. Defendant has alleged that Plaintiff is a citizen of California and Defendant is a citizen of Michigan and Delaware. Notice of Removal at 3. Plaintiff has not contested these allegations. *See generally* Motion; Reply.

As to the amount in controversy, Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees. Cal. Civ. Code § 1794. "In the case of restitution," actual damages are "restitution in an amount equal to the actual price paid or payable by

the buyer," reduced by offsets for the use by the buyer prior to the first delivery for repair, negative equity, manufacturer's rebates, any third-party sold optional equipment, and unpaid financing. *Id.* § 1793.2(d)(2); Cal. Code Civ. Pro. § 871.27(b)–(d), (f).

The Sales Contract reveals that the cash price of the Vehicle and accessories was $57,370. Sales Contract at 2. It also showed that the total cash price (including collateral charges, sales tax, a service contract, and a debt cancellation agreement) was $67,407.31; that Plaintiff made a down payment of $13,750; and that he financed $54,454.06, incurring financing charges of $9,657.26—for a total cost of $77,861.32. *Id.* The Sales Contract notes that the Vehicle had 26 miles at the time of sale. *Id.* Using the cash price and mileage at sale from the Sales Contract, together with the Repair Records and its own assessment of which repair was the first relevant one, Defendant calculated an estimated mileage offset of $21,029.45. Opposition at 19; Repair Records; Cal. Civ. Code § 1793.2(d)(2)(C). Defendant identified other offsets of $10,650. Opposition at 19; Sales Contract at 2.[2] Defendant also stated, based on the Loan Payment History, that Plaintiff had made approximately 60 monthly payments of $800 each, leaving approximately $17,340 unpaid as of October 2, 2025. Opposition at 19; Loan Payment History. Defendant also plausibly estimates that, if litigated, this matter will not resolve before an additional twelve monthly payments are made, leaving an estimated $9,600 in unpaid financing. Opposition at 19. GM therefore estimates actual damages at $36,581.87. *Id.*

Ignoring these obvious calculations, Plaintiff nonetheless asserts that "Defendant has provided no evidence to support" its assertion of actual damages.[3] Reply at 2. He offers nothing concrete—no evidence that a different repair is the first relevant one, no argument that Defendant has misunderstood the statutory damages and offsets scheme, and no contrary calculations, etc.—to

---

[2] Defendant characterized these as "offsets for optional third-party contracts," but, based on the Court's review of the Sales Contract, this sum appears to be more properly characterized as the offset for *both* third-party contracts ($3,900) and the manufacturer's rebate ($6,750). *See* Cal. Code Civ. Pro. § 871.27(b), (d).

[3] For example, Plaintiff avers that Defendant "has *made no attempt* to furnish any [] evidence" concerning the loan payment history and the mileage offset. Reply at 2–3. This is demonstrably false. *See* Opposition at 19; Sales Contract; Repair Records; Loan Payment History.

challenge the calculations described above. The Court therefore finds that $36,581.87 is an appropriate, non-speculative estimate of the actual damages at stake in this lawsuit.

Moreover, Plaintiff also seeks civil penalties under the Song-Beverly Act. *See* Complaint at 5; Cal. Civ. Code 1794(c). Plaintiff's potential recovery in civil penalties is double the actual damages, or $73,163.74. "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025). That brings the amount in controversy to $109,745.61, easily exceeding the jurisdictional threshold before even accounting for attorneys' fees. The Court has diversity jurisdiction over the action.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **denied**.

Dated:   December 29, 2025

_____
Hernán D. Vera
United States District Judge